In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 20-1180 & 20-2664

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL STIVERS,

*Defendant-Appellant.*

Appeals from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 16-cr-232 — **Jane Magnus-Stinson**, *Judge.*

ARGUED APRIL 14, 2021 — DECIDED MAY 7, 2021

Before MANION, ST. EVE, and KIRSCH, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Michael Stivers pled guilty to receiving, possessing, and distributing child pornography. At his sentencing hearing, the district court sentenced him to 300 months' imprisonment. Because the parties disputed the restitution amount, the court deferred its restitution decision and allowed the parties to submit additional briefing on the issue. Stivers did not object to this course of action. Months later, once the briefs were submitted, the court entered a written

order overruling Stivers's objections to the government's proposed restitution calculation and ordering Stivers to pay $3,000 in restitution.

On appeal Stivers maintains that the district court violated Federal Rule of Criminal Procedure 43 by ordering restitution in his absence. Rule 43(a)(3) provides that "the defendant must be present at … sentencing." From that language, Stivers infers that a criminal defendant must be present when a court orders restitution, on the theory that restitution is part of a sentence. *See United States v. Johnson*, 934 F.3d 716, 719 (7th Cir. 2019).

We need not decide whether Stivers is correct about the scope of Rule 43 because Rule 43 does not apply to the restitution order in this case. The district court ordered restitution under the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259. Restitution awards under this Act are subject to the procedures of 18 U.S.C. § 3664. *See* § 2259(b)(3). Relevant here, § 3664(d)(5) permits a court to delay the "final determination of the victim's losses" for up to "90 days after sentencing" if the losses are "not ascertainable" ten days before sentencing. *See also Dolan v. United States*, 560 U.S. 605, 608 (2010) (holding the 90-day deadline is non-jurisdictional). Stivers does not contend that victim losses were ascertainable ten days before his sentencing. Thus, "the district court's delay in determining the amount of restitution was expressly authorized by statute." *United States v. Ferguson*, 831 F.3d 850, 853 n.1 (7th Cir. 2016).

To reconcile § 3664(d)(5) with his reading of Rule 43(a)(3), Stivers suggests that a court must hold a second "sentencing" hearing for its delayed restitution decision. But another section of the statute forecloses this strained interpretation of the

rule–statute interplay. Section 3664(c) specifically provides that "[t]he provisions of this chapter, chapter 227, and Rule 32(c) of the Federal Rules of Criminal Procedure shall be *the only* rules applicable to proceedings under this section." (Emphasis added.)

It is well settled that Congress can supersede federal rules by statute, so long as it "clearly expresse[s]" its intent to do so. *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1135 n.50 (7th Cir. 1979); *accord Robbins v. Pepsi-Cola Metro. Bottling Co.*, 800 F.2d 641, 643 (7th Cir. 1986) (per curiam). "Although repeals by implication are not favored, we do not believe that Congress must explicitly state that a procedural rule is superseded in order to 'clearly express' that proposition." *Robbins*, 800 F.2d at 643.

Here, § 3664(c) supersedes Rule 43(a)(3) based on the plain language of the statute. In 1995—long after Rule 43(a)(3) was adopted—Congress amended § 3664 to authorize delayed restitution orders. *See* S.Rep. No. 104–179, p. 19–21 (1995); § 3664(d)(5). In doing so, it also amended the statute to unequivocally provide that Rule 32(c) was "the only" federal rule applicable to such orders. § 3664(c). By "explicitly stat[ing]" that no other federal rules applied, Congress clearly expressed its intent to suspend the requirements of Rule 43(a)(3) for restitution orders entered under § 3664. *Robbins*, 800 F.2d at 643. The upshot is that Rule 43(a)(3) does not apply to the restitution order in this case. *See United States v. Vanhorn*, 296 F.3d 713, 721 (8th Cir. 2002) (holding that the "explicit language" of § 3664(c) rendered Federal Rule of Criminal Procedure 35(c) inapplicable to a restitution order).

The parties' appellate briefing focused primarily on the scope of Rule 43 and harmless error, so we ordered

supplemental briefing on whether § 3664(c) renders Rule 43(a)(3) inapplicable to the restitution order in this case. In his supplemental brief, Stivers contends that, even if § 3664(c) signals an intent to supersede Rule 43(a)(3), another statutory provision applicable to restitution orders—18 U.S.C. § 3553(c)—parallels Rule 43 by requiring a district court to pronounce a defendant's sentence (which, according to Stivers, includes restitution) in open court. Relying on the supposed tension between § 3553(c) and § 3664(c), Stivers submits that § 3664(c) is ambiguous as to whether it supersedes Rule 43(a)(3). He adds that, under the constitutional-avoidance canon, we should interpret § 3664(c) in a way that avoids a potential conflict between the statute and the federal Constitution. The premise of this last argument is that ordering restitution in a defendant's absence may be unconstitutional. *Cf. United States v. Agostino*, 132 F.3d 1183, 1200 (7th Cir. 1997) (noting that Rule 43(a) "has as its source the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments").

Stivers's supplemental arguments do not alter our conclusion that Rule 43(a)(3) is inapplicable here. To the extent Stivers contends that § 3553(c) creates an ambiguity in § 3664(c), we disagree. Section 3664(c) clearly suspends the operation of Rule 43(a)(3) to restitution orders under that section. Section 3553(c) says nothing about Rule 43, so it does not create any ambiguity as to whether § 3664(c) supersedes the rule. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 836 (2018) (observing that the constitutional-avoidance canon applies only "when statutory language is susceptible of multiple interpretations"). To the extent Stivers now relies on § 3553(c) and the Constitution as independent grounds for relief, we do not consider his arguments. In his original appellate briefing, Stivers relied

exclusively on Rule 43(a)(3). Our request for supplemental briefing on whether Rule 43(a)(3) applies did not give Stivers license to transform his appeal and seek relief on grounds he never raised in his original briefing.

Because Rule 43(a)(3) does not apply in this case, Stivers is not entitled to relief for the district court's supposed violation of it. We need not address the government's argument that any Rule 43 violation was harmless error.

AFFIRMED